Commonwealth of Pennsylvania, Department of Education, Appellee, *v.* Marjorie S. Kauffman, Appellant.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*James W. Evans*, with him *Goldberg, Evans & Katzman,* for appellant.

*Edward A. Miller*, Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 13, 1975:

This is an appeal from a decision of the Secretary of Education of the Commonwealth (Secretary) upholding the reassignment of Marjorie S. Kauffman, a professional employee, by the Board of School Directors (Board) of the Tuscarora School District. The appellant, Mrs. Kauffman, was employed by the Tuscarora School District as a high school guidance counselor from 1961 until June of 1972. In March of 1972, she applied for a sabbatical leave of absence in order to pursue studies for a doctorate degree in the field of guidance. On April 10, 1972, the Board granted her such leave for the 1972-1973 school year. In June of 1972, a recommendation was made to the Board that Mrs. Kauffman's assignment be changed from guidance counselor at the high school to teacher of English in the eighth grade at the middle school. The

recommendation was accepted by the Board on July 10, 1972 and the appellant was accordingly reassigned. Upon Mrs. Kauffman's appeal alleging that the reassignment constituted a demotion, the Secretary ordered the Board to conduct a hearing under Section 1151 of Article XI of the Public School Code of 1949,[1] 24 P.S. §11-1151. This section provides that:

> ". . . there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors. . . ."

After numerous attempts to hold a hearing had failed, one was finally held on June 25, 1973. However, no evidence was there presented by either party relating to the appellant's current or former assignments, job status, and salary or relating to the reason for the reassignment. The Board ruled that the reassignment was not a demotion, a ruling which the Secretary affirmed. This appeal followed.

As Judge ROGERS observed in *Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 590-591, 297 A.2d 516, 518 (1972), the cases arising under Section 1151 have established the following principles:

> "(1)    A Board of School Directors may demote a professional employe in position or salary or both without his or her consent. (Tassone v. Redstone Township School District, 408 Pa. 290, 183 A.2d 536 (1962));
>
> "(2)    the action of the Board in such case is presumptively valid (Hibbs v. Arensberg, 276 Pa. 24, 119 A. 727 (1923)); and
>
> "(3)    the demoted employe contesting the Board's action has the burden of proving it to be arbitrary,

---

1.   Act of March 10, 1949, P.L. 30, *as amended.*

discriminatory or founded upon improper considerations (Smith v. Darby School District, 388 Pa. 301, 130 A.2d 661 (1957); Lakeland Joint School District v. Gilvary, 3 Pa. Commonwealth Ct. 415, 283 A.2d 500 (1971))."

Mrs. Kauffman was, therefore, under the burden of proving the threshold issue that her reassignment constituted a demotion. While she will experience no change in her salary scale[2] in her reassigned position, "a demotion in type of position means something more than a reduction in salary. To demote is to reduce to a lower rank or class and there may be a demotion in type of position even though the salary remains the same." *Smith v. School District of the Township of Darby,* 388 Pa. 301, 304, 130 A.2d 661, 664 (1957). Thus, unless we can find some difference between the position of guidance counselor and that of eighth grade English teacher in importance, dignity, responsibility, authority and/or prestige—some distinguishing difference—the appellant cannot prevail. *Santee Case,* 397 Pa. 601, 156 A.2d 830 (1959).

We have not uncovered any case on point, and, inasmuch as the appellant has produced no evidence of such difference, we are left only with the power to determine whether the laws themselves have defined these two positions so as to indicate whether or not the appellant has been demoted. Under the code, a guidance counselor is defined as an "education specialist" certified as a guidance counselor and a teacher as a person who holds a certifi-

---

2. The appellant alleges that because she was under contract as a guidance counselor to perform over a 9½ month period and the standard teacher contract is for a 9-month period only, she is being demoted in salary by losing two weeks of pay that she would have were she to remain as a guidance counselor. As the Secretary points out, however, there is no evidence that she will not be receiving any pay for the additional half month, so we cannot rule on the merits of her claim that the loss of two weeks salary constitutes a demotion under Section 1151 of the Code.

cate to teach. Section 1, Act of December 12, 1973, P.L. 141, 24 P.S. §12-1251. While there are, therefore, different certification requirements for guidance counselors and teachers (the appellant holds a certificate for both), one certificate is not a prerequisite for the other, as suggested by the appellant, nor is there anything apparent in the law which would indicate that the positions are of a different class or rank. As the Secretary noted in his opinion, it is possible that the position of guidance counselor in the Tuscarora School District is of a higher status than the position of teacher, but there was no evidence presented to support that position.

Mrs. Kauffman, therefore, has not sustained her burden of proving that a demotion in type of position or salary took place and we must issue the following

### ORDER

AND NOW, this 13th day of August, 1975, the decision and order of the Secretary of Education upholding the reassignment of Marjorie S. Kauffman by the Tuscarora School District is hereby affirmed and her appeal is dismissed.