Commonwealth of Pennsylvania, Department of Education *v.* Charleroi Area School District, Appellant.

Argued September 11, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*John E. Costello*, with him *Melvin B. Bassi*, for appellant.

*Edward A. Miller*, Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, November 21, 1975:

This is an appeal from an order of the Secretary of Education (Secretary), requiring the Board of School Directors (Board) of the Charleroi Area School District to reinstate Eleanor McCormick to the position of remedial reading supervisor without loss of pay.

The facts in this case are not in dispute. Eleanor McCormick had been a teacher in the Charleroi Area School District for five years when, on August 26, 1966, she was appointed to the newly created position of reading specialist and remedial reading supervisor. She held this position until June 29, 1973, when she was advised that the position was being abolished and that she was being reassigned to a classroom as a teacher. The Board offered, and Miss McCormick requested, an opportunity to be heard pursuant to the provisions of the Public School Code of 1949 (School Code)[1] on her claim that her reassignment constituted a demotion. The Board accordingly scheduled a meeting on this issue for July 18, 1973 which was later rescheduled for July 25, 1973 by agreement of the parties.

At the July 25, 1973 meeting, Miss McCormick claimed that the reassignment constituted a demotion in type of position.[2] Her counsel then asked that a full hearing, with an impartial public stenographer, be held. His request was denied by the Board, which offered instead that a summary of the meeting would be prepared by a board member. Neither side would relinquish its position, and the meeting was adjourned without the presenting of any testimony by either side.

Miss McCormick appealed the denial of a hearing by the Board to the Secretary. The Secretary found against the Board, and the Board appeals to this Court.

The precise question here is whether a professional employee who claims that she has been demoted in type of position without her consent is entitled to a hearing recorded by an impartial public stenographer. We find that she is entitled to such a hearing.

---

1. Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §1—101 et seq.

2. At no time has Miss McCormick claimed that her salary was decreased. In fact, her salary has acutally been increased since her reassignment.

The law in this regard is clear: If Miss McCormick is a professional employee within the meaning of the School Code, then she is entitled to a hearing if she is demoted in either salary or type of position. Section 1151 of the School Code[3] provides:

"[T]here shall be no demotion of any professional employee either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

One of the safeguards in such a hearing is provided in Section 1127[4] of the School Code:

"[A]ll testimony offered . . . shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense."

This the School Board admittedly failed to do in this case. The Board argues, however, that Miss McCormick is not a professional employee in her capacity as reading supervisor, although they admit that she is a professional employee as a teacher and reading specialist. Since Miss McCormick was, at all times pertinent to this appeal, designated as a reading specialist, it would follow that she was and is a professional employee. We find no authority for the proposition that one can be partially a professional employee.

At first glance, then, this question seems squarely within the holding of the Supreme Court of Pennsylvania in *Smith v. Darby School District*, 388 Pa. 301, 319, 130 A. 2d 661, 671 (1957), that "[w]hen a professional employee *claims* that he has been demoted it is the school

3. 24 P.S. §11—1151.

4. 24 P.S.—§11—1127.

board's duty to grant him a hearing. At that hearing two questions are before the school board: (1) *whether or not the profesional employee has been demoted either in type of position or salary,* and, (2) in the event the professional employee has been demoted, the reason for such demotion must be made clear and apparent." (Emphasis added; footnote omitted.)

However, in that case the demotion complained of was clearly from a so-called "mandated" position to one of lower rank. In this case, we must examine whether, if we accept the Board's contention that the position of reading supervisor was "nonmandated," the result should change.

"[T]he criterion for determining whether a position or office is or is not 'mandated' depends upon whether or not the title of the incumbent to the position or office is specifically covered by the phrase 'professional employees' in the statute." *Smith, supra,* 388 Pa. at 309-10, 130 A. 2d at 666 (footnote omitted).

Section 1101 (1) of the School Code[5] provides:

"(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses."

The argument of the Board is that, since the title "reading supervisor" is not specifically mentioned in the statute, it is "nonmandated." The Board then relies on *Smith, supra,* for the proposition that "by implication, at least, an interpretation of the statute has arisen to the effect that a professional employee may be assigned from

5. 24 P.S. §11—1101 (1).

an abolished position or office of the so-called 'non-mandated' group without effecting a demotion . . . ." 388 Pa. at 310, 130 A. 2d at 667.

The Board maintains, therefore, that no demotion has taken place. We cannot agree.

The distinction between "mandated" and "nonmandated" positions is not relevant to the necessity for a hearing on the threshold issue of *whether or not a demotion has taken place.*

A demotion is, by its nature, relative. A change in the title of one's job may have no bearing on one's authority, prestige, or responsibility in any given organizational structure. It may be very difficult for persons outside the system to assess the "pecking order" accurately. For this reason, in cases where a demotion in type of position is alleged, the reviewing body requires a complete record in which testimony as to the relative standing of the old and new positions in the hierarchy is developed. We therefore hold that a professional employee who claims that he or she has been demoted, whether from a "mandated" or "nonmandated" position, is entitled to a hearing as provided in Section 1127 of the School Code to determine initially whether or not a demotion has, in fact, occurred.

In this case, the Secretary has determined that the position of remedial reading supervisor is clearly a position of higher authority than that of teacher.[6] While we have no reason to find that the Secretary is in error on this point, a full hearing before the Board would have provided the Secretary with a more adequate record of testimony regarding the relative positions of remedial reading supervisor and teacher *in the Charleroi district.*

The Board next argues that, because Miss McCormick's salary was partially paid from federal funds, she was not entitled to a hearing. The Board asks us to fol-

---

6. *Compare Department of Education v. Kauffman,* 21 Pa. Commonwealth Ct. 89, 343, A. 2d 391 (1975).

low *Anthony v. Conemaugh Township Area School District,* 29 Somerset Legal Journal 309 (1974), on this point. The Department of Education, on the other hand, requests us to overrule the same case on that exact point. We are not satisfied that either party has correctly stated the holding in that case; however, we find the case inapposite. *Anthony* did not involve a claim of demotion; plaintiff in the Anthony case was hired under a letter contract specifically stating that it was not intended that he become a professional employee. In addition, his *entire* salary was paid from federal funds. These facts distinguish *Anthony* from the case at bar.

We are compelled by the provisions of the School Code to find on this record that Eleanor McCormick was entitled to a full hearing, pursuant to the School Code, on the issue of her alleged demotion. However, we must consider whether the Secretary of Education erred in reinstating Miss McCormick to the position of remedial reading supervisor rather than returning the matter to the Board for the purpose of holding the hearing to which she was entitled. We conclude, on the basis of our holding in *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A. 2d 182 (1972), that the Secretary did err in reinstating Miss McCormick.

In *Shellem,* we stated the following, which is likewise applicable here:

"In Donnon v. Downingtown Civil Service Commission, 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971), we held that a borough police officer was not afforded the due process hearing before the Civil Service Commission to which he was entitled and that the case should properly be remanded for a hearing. Judge CRUMLISH, JR., speaking for this Court, aptly stated: '[T]his case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated contingent reversal of the agency's decision. Remand for a proper hearing

regardless of the result, insures the integrity of administrative process. Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598, 112 A. 2d 422 (1955); Vivio Motor Vehicles Operators License Case, 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966).' 3 Pa. Commonwealth Ct. at 370-71, 283 A.2d at 94.

"Our Supreme Court reasoned likewise in Vandergrift Borough v. Polito, supra, and recently in Brentwood Borough School District Appeal, 439 Pa. 256, 267 A. 2d 848 (1970), it vacated the order of the lower court which had required the Board of School Directors of Brentwood Borough to retain and reinstate the teacher-appellee as a professional employee and remanded the record to permit the teacher-appellee to request a hearing. We think such procedure is wise and controlling." 6 Pa. Commonwealth Ct. at 520, 297 A. 2d at 185.

Accordingly, we make the following

### ORDER

Now, this 21st day of November, 1975, the order of the Secretary of Education reinstating Eleanor McCormick as remedial reading supervisor is reversed, and the Secretary of Education is hereby directed to return the matter to the Board of School Directors of the Charleroi Area School District for a hearing and disposition not inconsistent with this opinion.