Henry Isban, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and John C. Pittenger, Respondents; Board of School Directors of Tuscarora Intermediate Unit No. 11, Party Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Michael S. Ramage,* with him *William A. Hebe,* and *Spencer, Gleason & Hebe,* for petitioner.

*John R. Miller, Jr.,* with him *Miller, Kistler & Campbell,* for respondent.

OPINION BY JUDGE DISALLE, March 1, 1978:

This case comes before us upon a petition for review of an order of the Secretary of Education of the Commonwealth of Pennsylvania (Secretary) dated November 15, 1976. The order dismisses Henry Isban's appeal of a decision of the Board of School Directors of Tuscarora Intermediate Unit No. 11 (Board). We will affirm.

Isban was hired as a speech therapist by the Fulton County Board of School Directors on January 19, 1965. In 1971, the Fulton County Board was absorbed into the newly created Board of School Directors for the Tuscarora Intermediate Unit No. 11. Thereafter, Isban worked as a speech therapist for the Intermediate Unit. His services were utilized by the Forbes Road School District, the Southern Fulton School District, and the Central Fulton School District.

On May 25, 1973, the superintendent of the Central Fulton School District notified Intermediate Unit No. 11, by letter, that because of various difficulties experienced with Isban over the past two years, the school district preferred to be without speech therapy services rather than have such a program administered by him. Similarly worded letters were subsequently sent to the Intermediate Unit by the superintendents of the Southern Fulton School District and the Forbes Road School District.

On June 1, 1973, Isban met with Mr. Donald Miller, Director of Special Education for the Tuscarora Intermediate Unit. At this meeting, Miller informed Isban of the letters which had been received from the three district superintendents. Miller also indicated to Isban that it would be difficult to find another position for him within the Intermediate Unit. He then suggested that Isban should perhaps consider resigning. The meeting concluded, however, without Isban making any commitment as to his future course of action.

On June 14, 1973, at a meeting of the Intermediate Unit's Board, the special education program for Unit No. 11 was revised. This revision relieved Isban of his duties as speech therapist for Fulton County and assigned him to a language development program for the mentally retarded trainable children in the Lewistown and Mount Union areas. Isban received a letter notifying him of these changes on June 15, 1973. His only response to the reorganization was that he had never been informed by the Intermediate Unit of the reasons for his reassignment.

Dr. Clay Burkholder, Executive Director of Intermediate Unit No. 11, replied to Isban by letter on June 25, 1973. He indicated that the specific reasons for his reassignment had been given to Isban in his previous meeting with Mr. Miller on June 1, 1973. Dr. Burkholder then asked Isban to inform the Intermediate Unit whether he chose to accept the new assignment or resign.

On July 2, 1973, the Board of School Directors of the Forbes Road School District passed a resolution adopting the language of the letter sent by the District's superintendent indicating the District's desire to be without a speech therapy program if Isban was to continue to provide such services. The Boards of both the Southern Fulton School District and the Cen-

tral Fulton School District subsequently passed similar resolutions in support of their respective superintendents.

On August 6, 1973, Isban's attorney sent a letter to the Intermediate Unit, contending that Isban's reassignment constituted a demotion. The letter requested a hearing before the Intermediate Unit's Board pursuant to Section 1151 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1151.[1] The Board complied with this request and scheduled a hearing for October 11, 1973. Prior to the hearing, the Intermediate Unit's solicitor received letters from all three school districts in which Isban formerly taught, specifying the reasons why Isban's services were no longer desired. Neither Isban nor the representative from the Pennsylvania State Education Association who counseled him at the hearing, had access to these letters prior to the commencement of the hearing.

Isban was the only person to testify before the Board on October 11, 1973. His testimony centered on the specific responsibilities of his new position and

---

[1] Section 1151 reads pertinently:

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe. :

See *Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975).

on the increased travel he would have to incur to reach his new areas of employment. Following this testimony, Isban's representative requested that the hearing be continued to allow him time for review of the reasons given by the districts for the refusal of his services. The Board granted this request and continued the hearing until an unspecified future date.

Thereafter, no request was made upon the Board to conduct any further hearing on Isban's claim until January 2, 1974. On this date, the attorney retained by Isban sent the Board a letter requesting further hearing pursuant to the continuance granted October 11, 1973. Following a phone conversation between Isban's attorney and the solicitor for the Board, however, no further hearing was ever conducted.

On July 15, 1974, Isban filed an appeal to the Secretary of Education requesting that the Board be compelled to comply with his request for further hearing.[2] He also asked that he be reinstated to his former position until a hearing was held.

Testimony was adduced from Mr. Miller and Isban at this hearing before the Secretary. This centered on whether or not Isban's reassignment amounted to a demotion, and the reasons offered by the districts for refusing Isban's services. Upon consideration of the evidence, the Secretary concluded that the Intermediate Unit had the power to transfer Isban within its area of jurisdiction. He further decided that the transfer involved had not amounted to a demotion because no reduction in pay or position had resulted. In light of these conclusions, the Secretary dismissed Isban's appeal.

_____

[2] Initially, we note that mandamus could properly be brought only before the court of common pleas of the appropriate county. The Secretary does not possess powers of mandamus to compel a local school board to conduct a hearing.

The Secretary, however, noted that he reached the issue of whether or not a demotion had occurred only because both parties demonstrated their willingness that such be done. The Secretary's opinion noted that, absent this willingness, two procedural defects which occurred before the Board would normally have resulted in his remanding the case to the Board for a new hearing. The Secretary indicated that it was his belief that Isban had not been afforded a full and complete hearing by the Board on his alleged demotion as required under *Smith v. Darby School District,* 388 Pa. 301, 130 A.2d 661 (1957). Additionally, the Secretary pointed out that the solicitor for the Board acted in an improper manner by representing the Intermediate Unit before its Board and then advising the Board that no further hearing was necessary because Isban had not been demoted. *See Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975); *In Re: Appeal of Feldman,* 21 Pa. Commonwealth Ct. 451, 346 A.2d 895 (1975).

In view of the numerous defects which occurred procedurally before the Intermediate Unit's Board, the Secretary should have remanded the case to the Board for a new hearing as requested in Isban's appeal. This conclusion is even more compelled in light of the Board's complete willingness to conduct such a hearing. We do not approve of the Secretary's decision to take testimony and decide the threshold question of whether or not a demotion had in fact occurred prior to the Board's determination of that issue. To condone such a practice serves only to undermine the integrity of the administrative process. *See Department of Education v. Charleroi Area School District, supra* note 1; *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971).

Nevertheless, though we disapprove the procedure followed here, the record established at the Secretary's hearing is complete and therefore conclusive on the issue of whether or not Isban suffered a demotion. In light of this, and in the interests of judicial economy, we will not remand this case back to the Intermediate Unit Board for a new hearing.[3]

It was Isban's burden in this instance to show that his reassignment amounted to a demotion. *Department of Education v. Kauffman*, 21 Pa. Commonwealth Ct. 89, 343 A.2d 391 (1975). In his attempt to sustain this burden, Isban argues that the great distances he will be forced to travel constitutes a demotion in both salary and position.

In addressing Isban's contentions, we first note that the Public School Code of 1949 does not deal with the transfer of teachers from one school to another within a district. Our Supreme Court touched upon this issue in deciding *Smith v. Darby School District, supra*, at 306, 130 A.2d at 665, when it stated:

> A professional employe, under the tenure provisions of the Public School Code, does not acquire a vested right to teach in any certain class or in any certain school.

In our view, a transfer, even if within a large Intermediate Unit such as involved here, cannot, in and of itself, be viewed as a demotion in either salary or position. *See Carnell v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 380, 319 A.2d 204 (1974). To determine whether Isban has suffered a demotion we look only to whether he was reduced in salary or position. *Smith v. Darby School District, supra.*

---

[3] We do this particularly because there is no substantial dispute over the facts in this case and thus no purpose would be served by a remand, the issue here being principally one of law. We would not, of course, reach this conclusion if we believed that Isban's due process rights had been in any way affected or infringed.

In this regard, the record shows that Isban's present position is equal to the one he formerly held in Fulton County. The title, responsibilities, and applicable certificate are all the same. Isban does not, in fact, argue to the contrary. His contention is that a transfer of this nature, requiring a teacher to either resign, move, or travel great distances, is tantamount to a demotion in position. We cannot agree.

Isban also contends that he has been reduced in salary. The record shows that prior to his transfer Isban traveled less than one mile from his home to his office. Subsequent to his reassignment, the record shows that twice a week Isban travels 125 miles round trip to reach his office. The other three days per week he travels 80 miles round trip from his home to his office. As Isban is compensated only for the miles traveled from his office to the schools where he is teaching on a particular day, he travels approximately 13,400 miles every school year for which he is not compensated. Isban contends that this is in effect a 1,000 dollar a year reduction in salary. This sum represents the amount he expends for fuel in traveling the extra miles from home to his new office. In addition, Isban contends that the extra travel requires him to be away from home for an additional three hours per day without compensation.

The losses which Isban contends he has suffered are a direct result of the distance he travels. He has chosen to incur these by his decision not to move closer to his work. The record shows that he has not been forced to pay for anything formerly paid for by the Intermediate Unit. His base salary is the same. He is still compensated for all miles traveled from his office to the schools where he teaches. He has not shown that the Intermediate Unit's compensation policy is not being applied to him as previously. The necessity for Isban to commute three hours daily to work

is also his by choice. *Coronway Appeal,* 78 D. & C. 266 (1951), relied upon by Isban, is easily distinguished.

We conclude that there has been no demotion of Isban and affirm the Secretary's dismissal of Isban's appeal.

### ORDER

AND Now, this 1st day of March, 1978, the order entered by the Secretary of Education of the Commonwealth of Pennsylvania at No. 245 of 1974, dismissing the appeal of Henry Isban, is hereby affirmed.