School District of the City of York, Petitioner v.
B. William Allison, Respondent.

Argued June 8, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*Nevin Stetler,* with him *Stetler & Gribbin,* for appellant.

*Gerald E. Ruth,* for appellee.

OPINION BY JUDGE DISALLE, October 17, 1979:

Presently before us is a petition for review filed by the School District of the City of York (School District) from the order of the Secretary of Education (Secretary) sustaining the appeal of B. William Allison and remanding the case for a hearing on the reasons for Allison's demotion.[1]

---

[1] Although not raised as an issue in this case, we are not unmindful that the Secretary's order may very well have been interlocutory. In the interests of judicial economy, we will nevertheless

The School District first challenges the Secretary's determination that the re-assignment of Allison from Principal of Jackson Elementary School to Principal with Auxiliary Duties at the Franklin and McKinley Elementary Schools constituted a demotion. By now, of course, it is axiomatic that unless an error of law has been committed or any necessary finding of fact is not supported by substantial evidence, we must affirm the Secretary's action.

Where, as here, we are concerned with a possible demotion in type of position, even though the salary remains the same, an inquiry into the importance, dignity, responsibility, authority and/or prestige between the former and the latter positions is necessary. *Department of Education v. Kauffman*, 21 Pa. Commonwealth Ct. 89, 343 A.2d 391 (1975). The Secretary, in undertaking an analysis of the two positions at issue in this case, concluded that Allison was in fact demoted since he would be less than completely in charge of the supervision and administration of the schools to which he had been assigned and that since the Franklin and McKinley Elementary Schools were the only two in the school district which did not have assistant principals or administrative assistants, a lowering of his status in the educational hierarchy had occurred. We are in agreement with the Secretary that these differences are indeed substantial and amount to a demotion.

Although the Superintendent testified that Allison's duties were to be those of a principal, the offi-

---

reach the merits of those arguments raised by the School District. We also note that Allison argues that the Secretary should have ordered his reinstatement rather than remanding for the taking of additional evidence. While we are sympathetic with this position, *see Norwin School District v. Chlodney*, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978), we refrain from addressing this argument since Allison did not himself challenge the Secretary's action by filing a petition for review.

cial job description provides that the principal shall have "complete charge of the administration and supervision of the building to which he is assigned." As Principal of Jackson Elementary School, he was solely in charge of its affairs. In his new position, however, Allison will have to share his duties with the two principals who continue to head Franklin and McKinley Elementary Schools. This division of responsibilities, which as of the date of the hearing was still not finalized, is certainly a diminution in authority.

Furthermore, as the Secretary aptly noted, Allison is in a singular position as a principal within the school district. Not only must he now share duties which he formerly performed alone, but, in contrast to the two schools to which he has been assigned, the remaining elementary schools each have assistant principals or administrative assistants. It takes little imagination to conclude that Allison is in effect being asked to assume the duties of an assistant principal of two schools since the Superintendent testified that assistant principals can perform the same duties as a principal. But of more moment is the fact that, subsequent to the transfer, no assistant principal will serve under him. To single Allison out in this way obviously results in a lowering of his dignity and prestige.

The School District also argues that the Secretary erred in awarding counsel fees to Allison, because the facts of this particular case fail to justify such an award. Although the School District does not make this argument, the general rule is that attorneys' fees are not recoverable absent a statute or enforceable contract providing for their recovery. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967). Finding no statute or contract that would permit an award of attorneys' fees in this situation, we must reverse the Secretary's determination on that

particular issue. While it is true that in *Middle Bucks Area Vocational-Technical School v. Navarro,* 37 Pa. Commonwealth Ct. 278, 390 A.2d 825 (1978), we affirmed the Secretary's award of attorneys' fees, that case can be distinguished on the grounds that the School District there never argued against the propriety of the award. Thus, the case is not authority for the proposition that the Secretary has the power to award attorneys' fees.

Affirmed in part and reversed in part.

ORDER

AND Now, this 17th day of October, 1979, the order of the Secretary of Education, dated April 18, 1978, is hereby affirmed insofar as it sustains the appeal of B. William Allison and remands, and pursuant thereto the case is remanded to the Board of Directors of the School District of the City of York for a hearing on the reasons for the demotion of Mr. Allison. That part of the order awarding attorneys' fees to Mr. Allison is hereby reversed.

