Jefferson County-DuBois Area Vocational-Technical School, Petitioner *v.* Homer Horton, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*David P. King,* for petitioner.

*Anthony S. Guido,* for respondent.

Opinion by Judge Wilkinson, Jr., April 11, 1980:

This is an appeal from an order of the Secretary of Education (Secretary) which restored the duties of head administrator to the job description of the respondent. The respondent had been employed as director of vocational education by the petitioner vocational-technical school (school) since fall 1972. The school's operating committee (board) notified the respondent by letter dated May 23, 1977 that the school was considering a reorganization of administrative positions and that a hearing which would probably result in the respondent's demotion would be held. On October 24, 1977, the board adopted its reorganization regulations, which affected the respondent's position by deleting his duty as head administrator and also reduced his fringe benefits. By letter dated November 4, 1977, the respondent requested a hearing, which was held on April 20, 1978. On May 22, 1978, the board decided that the respondent had not suffered a demotion; and the board advised him of this decision on June 13, 1978. On June 20, 1978, the respondent filed a petition of appeal in the Office of the Secretary of Education, to which the school filed a motion to dismiss the appeal as not having been timely filed. In the alternative, the school argued that the respondent had not suffered any type of demotion and that even if it were determined that a demotion had occurred, the school's actions could not be regarded as arbitrary or capricious. After a hearing the Secretary denied the motion to dismiss because the respondent's appeal to the Secretary was filed within the statutory limit of 30 days of the receipt of written notice of the board's decision. Section 1131 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1131. The Secretary also found that the change in respondent's job description, which made him subordinate to the principal whereas previously

the principal was subordinate to him, constituted a demotion in position justified only by reasons that were "illusory." Although the Secretary also found a demotion in salary, that demotion was found to be based on true budgetary restraints rather than on arbitrary and capricious reasons. The Secretary ordered the respondent's appeal sustained insofar as the duties of head administrator were to be restored to his job description, and the school appealed to this Court on three issues.

First, the school reiterated its objection to the timeliness of the respondent's appeal, arguing that the 30-day period for appeal should have begun June 20, 1977, the date when a hearing was offered.[1] Section 1151 of the Code states that the demotion of a professional employee without his consent is subject to the right of a hearing. 24 P.S. §11-1151. The board's decision of demotion became effective and appealable after a hearing was held on April 20, 1978, and after the respondent was advised of the decision on June 13, 1978, even though the board adopted a resolution of demotion prior to the hearing date. *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa. Commonwealth Ct. 29, 391 A.2d 1119 (1978). Respondent's petition of June 20, 1978 was then within the statutory limit.

The second question on appeal is whether the respondent has met his burden of proving that he had suffered a demotion in position. Where we are concerned with a possible demotion in position, we must inquire as to whether the reassignment was to a position of lesser importance, dignity, responsibility, authority, or prestige. *School District of City of York v. Allison,* 46 Pa. Commonwealth Ct. 520, 406 A.2d 1196

---

[1] The board had notified the respondent that his job description was to be changed by deleting his duty as head administrator and that a formal hearing concerning this change would be held on June 20, 1977. That hearing was never held.

(1979). Upon examining the relative standing of the respondent's old and new positions in the school hierarchy, the Secretary concluded and we agree that the respondent's change in job description constituted a demotion in position.

The third question on appeal is whether the demotion was a result of arbitrary, capricious, or discriminatory actions by the board. The record from the hearing supports the Secretary's finding that the board failed to show justification for the demotion. It can then be properly concluded that the board's action was arbitrary.

Accordingly, we will enter the following

### ORDER

AND Now, April 11, 1980, the order of the Secretary of Education, entered May 16, 1979 at Teacher Tenure Opinion No. 24-78, restoring the duties of the Head Administrator to the job description of Homer Horton, is affirmed.