532 A.2d 547

Paul J. Walsh, Petitioner *v.* Sto-Rox School District, Respondent.

Argued May 18, 1987, before Judges MACPHAIL, BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Lynne L. Wilson,* for petitioner, Pennsylvania State Education Association.

*Scott G. Dunlop,* with him, *Larry P. Gaitens, Gaitens & Tucceri, P.C.* for respondent.

OPINION BY JUDGE BARRY, October 26, 1987:

Paul J. Walsh, petitioner, appeals from an order of the Secretary of Education (Secretary) quashing his appeal of a decision by the Sto-Rox School District (School District), respondent, to transfer him to the position of Assistant High School Principal from his previous position of Principal of grades eight and nine.

Petitioner was employed at his previous position for approximately nine years. He was informed of the change of responsibilities by letter from the School Superintendent dated October 16, 1985. On November 13, 1985, he filed an appeal with the Secretary pursuant to Section 1151 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151, on the grounds that the Sto-Rox School Board (Board) failed to solicit petitioner's consent to the transfer or notify him of his right to a hearing. He contends that the transfer constituted a demotion and requested reinstatement to his former position. In the alternative, he requested a remand to the school board for a hearing on the issue of whether the School District's actions constituted a demotion. The Secretary quashed the appeal on the basis that petitioner had never requested a hearing before the Board.

Although the ultimate issue on appeal is whether a demotion occurred, the preliminary issue is whether petitioner was required to request a hearing before the Board initially rather than take an appeal directly to the Secretary. Whether petitioner actually requested a hearing before the Board also is the subject of conflict.

Section 1151 of the School Code reads:

The salary of any district superintendent, assistant district superintendent or other profes-

sional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, *but there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.*[1]

---

[1] The provisions of the School Code governing dismissal of employees can be found at Section 1127 and reads:

Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned. 1949, March 10, P.L. 30, art. XI, §1127.

Petitioner maintains that he was demoted and thus is entitled to a hearing under Section 1151 while the Board counters that he was not demoted and, therefore, the Section 1151 procedural mechanisms are not triggered. A demotion is a reassignment to a position which has less importance, dignity, authority, prestige or salary. *Department of Education v. Kauffman,* 21 Pa. Commonwealth Ct. 89, 343 A.2d 391 (1975). It has been held, both by this Court and by the Secretary, that a transfer or reassignment from the position of principal to a position of assistant principal or auxiliary principal in which the employee who was previously virtually autonomous within his school is placed under the supervision of another principal could constitute a demotion. *School District of the City of York v. Allison,* 46 Pa. Commonwealth Ct. 520, 406 A.2d 1196 (1979): *Jefferson County—DuBois Area Vocational Technical School v. Horton,* 50 Pa. Commonwealth Ct. 445, 413 A.2d 36 (1980); *Pecuch v. California Area School District,* T.T.A. No. 23-79. In addition, we have determined, contrary to the Board's position here, that an employee who *believes* that he has been demoted is entitled to a hearing before the Board irrespective of whether a demotion has, in fact, occurred. *Department of Education v. Charleroi Area School District,* 22 Pa. Commonwealth Ct. 56, 61, 347 A.2d 736, 738 (1975). However, we have also recognized that what constitutes a demotion depends on the hierarchical structure, among other things, of the school district system:

A demotion is, by its nature, relative. A change in the title of one's job may have no bearing on one's authority, prestige, or responsibility in any given organizational structure. It may be very difficult for persons outside the system to assess the 'pecking order' accurately. For this reason, in cases where a demotion in type of

position is alleged, the reviewing body requires a complete record in which testimony as to the relative standing of the old and new positions in the hierarchy is developed.

*Id.* at 61, 347 A.2d at 738. In *Charleroi Area School District,* we emphasized the importance of developing a record before the Board so that the Secretary can make an informed evaluation of the circumstances surrounding the alleged demotion to determine whether the reassignment was to a subordinate position, a lateral move or, actually, as the Board contends here, a position of higher authority. Here, petitioner failed to inform the Board that he considered the transfer a demotion to which he did not consent or make a proper request before the Board for a hearing based on his belief that a demotion had occurred. We disagree that the onus is on the Board to initiate a hearing in a case where the question of whether there is a demotion is not clear. Section 1151 clearly establishes petitioner's right to a hearing but the existence of that right does not require its automatic exercise. It is incumbent upon the petitioner to consent to the change or express his dissatisfaction and request a hearing. Petitioner argues that he verbally informed the Board of his refusal to consent to the change in positions, but the first time this allegation was made was in his brief to the Secretary on the Board's motion to quash the appeal. The Board, of course, denies this. In any event a remand to the Secretary or the Board for such a finding is not in order inasmuch as we believe petitioner has waived his right to develop those facts by not seeking to do so at the Board level or before the Secretary.[2] The factual allegation necessary to his case

---

[2] 22 Pa. Code §351.8(c) reads as follows:

(c) If either party to a proceeding wishes to offer testimony, a notice of intent to offer such testimony must be delivered to the Secretary and to opposing counsel at

was simply made too late. Accordingly, we affirm the Secretary's order quashing petitioner's appeal.

### ORDER

Now, October 26, 1987, the order of the Secretary of Education, dated March 11, 1986, quashing the appeal of petitioner, Paul J. Walsh, is hereby affirmed.

---

least 14 days before the hearing. Included in the notice of intent shall be:

(1) the name and position of each person who is to offer testimony; and

(2) an explanation of the purpose and scope of the testimony to be offered.