600 A.2d 1302

**Maureen T. JOYCE, Petitioner,**

v.

**SPRING–FORD AREA SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1991.

Decided May 23, 1991.

Reargument Denied July 15, 1991.

Michael D. Reed, Harrisburg, for petitioner.

Marc B. Davis, Lansdale, for respondent.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Maureen T. Joyce (petitioner) petitions for review of the June 25, 1990 Opinion and Order of the Secretary of Education (Secretary), which affirmed the decision of the Spring–Ford Area School District's School Board (Board) that petitioner had not been demoted.

Petitioner was principal of Limerick Elementary School for thirteen years, until August, 1988. After receiving an unsatisfactory evaluation for the 1987–88 school year, and after refusing to resign or take a sabbatical, petitioner was informed by the Superintendent of the Spring–Ford Area School District (School District) on August 25, 1988, that she would be transferred into a newly-created position within the School District's central administration. By decision of the Board on August 29, 1988, petitioner was transferred into the position of Principal/Coordinator of Special Programs and Elementary Education (Principal/Coordinator).

On the day after the School District's Superintendent informed petitioner of her impending transfer, petitioner attempted to remove her books and other supplies from her

office at the Limerick Elementary School, but she was unable to gain entry to her office. The school custodian informed her that the locks had been changed on the previous afternoon, the same day that petitioner was informed of her impending transfer. Petitioner was later permitted to remove her belongings from her office but only in the presence of an Assistant Superintendent.

Petitioner was transferred into the Principal/Coordinator position at the same salary she had earned as school principal, which was $48,136 for the 1987–88 school year. Her salary for the 1988–89 school year did not increase, because she had received an unsatisfactory evaluation for the previous school year.

Petitioner, as principal of Limerick Elementary School, supervised 35 professional employees and evaluated 28 of them. She also supervised 14 para-professional employees and evaluated 8 of them. As Principal/Coordinator, she supervises and evaluates 3 professional employees. She does not supervise any para-professional employees and does not have a secretary.

Although petitioner was transferred into the Principal/Coordinator position just before the beginning of the 1988–89 school year, the position did not appear on the organizational chart distributed at that time. Additionally, the office she was given, which had previously been assigned to the bookkeeper, had no telephone until the day before the hearing.

The School District's administrative job description states that "[p]rincipals are the educational leaders of their schools and are responsible for all aspects of the operation of their school and its identification with its attendant area." The administrative job description lists the following duties for principals: operation of the school according to School District policies; shared responsibility for curriculum development; participation in screening and selection of personnel; participation in the rating and evaluation of personnel; responsibility for good public relations and close parent-teacher relationships; professional leadership; and

responsibility for and authority over actions of students and staff persons.

Petitioner testified that 580 students attended Limerick Elementary School and that her chief responsibility was to run the instructional program. She stated that she monitored the children's progress by visiting classrooms, reviewing report cards, and analyzing test scores. She also ran meetings of the child study team. The team's purpose was to ensure that children with special needs received appropriate programming. Petitioner assisted in the in-service program for the professional staff and closely monitored curriculum. She was responsible for maintenance of the school building and for ordering textbooks and other supplies. She worked with the school bus drivers, the parents, and the Home and School League. Finally, petitioner interviewed and hired teachers.

According to the School District's job description, the Principal/Coordinator "shall be primarily responsible for administrative and instructional leadership" in the following areas: special instructional programs including programmatic and fiscal administration of certain Federal programs; development and fiscal administration of grant applications; planning activities for program development and facilities; recruitment, selection, and development of personnel; curriculum monitoring and evaluations; and general administrative services.

Petitioner believed that her transfer was a demotion and requested a hearing pursuant to Section 1151 of the Public School Code of 1949 (Code), which states that "there shall be no demotion of any professional employe either in salary or in type of position, ... without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal...."[1] The parties agreed to hold a bifurcated hearing. The first hearing, on the issue of whether petitioner was demoted, was held on three separate dates, September 23, 1988;

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1151.

October 19, 1988; and November 16, 1988. The Board issued its decision on January 16, 1989, holding that petitioner's transfer was not a demotion within the meaning of Section 1151 of the Code. Petitioner timely appealed to the Secretary. The Secretary's hearing examiner heard oral argument on June 27, 1989, and the Secretary issued his Opinion and Order affirming the Board on June 25, 1990.

Petitioner timely filed her Petition for Review with this Court and presents two issues for our review. Petitioner's first issue is whether the Secretary committed an error of law when he determined that her transfer did not constitute a demotion. Petitioner's second issue is whether the Secretary's decision is based upon substantial evidence in light of the fact that the Secretary's hearing examiner excluded testimony regarding the factual circumstances surrounding the transfer.

"Our scope of review is limited here to a determination of whether or not the adjudication was in accordance with law, the petitioner's constitutional rights were violated and the findings of the Secretary were supported by substantial evidence. 2 Pa. C.S. § 704." *Patchel v. Board of School Directors of Wilkinsburg School District,* 42 Pa.Commonwealth Ct. 34, 36, 400 A.2d 229, 230 (1979).

Petitioner had the burden of proving that her transfer constituted a demotion. *Department of Education v. Kauffman,* 21 Pa.Commonwealth Ct. 89, 343 A.2d 391 (1975). "A demotion is a reassignment to a position which has less importance, dignity, authority, prestige or salary." *Walsh v. Sto–Rox School District,* 110 Pa.Commonwealth Ct. 421, 424, 532 A.2d 547, 548 (1987).

A demotion is, by its nature, relative. A change in the title of one's job may have no bearing on one's authority, prestige, or responsibility in any given organizational structure. It may be very difficult for persons outside the system to assess the 'pecking order' accurately. For this reason, in cases where a demotion in type of position is alleged, the reviewing body requires a complete record

in which testimony as to the relative standing of the old and new positions in the hierarchy is developed.

*Department of Education v. Charleroi Area School District,* 22 Pa.Commonwealth Ct. 56, 61, 347 A.2d 736, 738 (1975).

The ultimate determination as to whether this transfer was a demotion is a legal conclusion which must be drawn from the underlying factual circumstances. Of course, the Secretary is the ultimate fact-finder in such matters. *Belasco v. Board of Public Education of the School District of Pittsburgh,* 510 Pa. 504, 510 A.2d 337 (1986). However, as our Supreme Court has previously noted, "[s]uch ultimate conclusions—sometimes called 'ultimate facts'—are legal conclusions and are always subject to appellate review." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358, 378 A.2d 829, 832 (1977), (citing *Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273 (1976); *Estate of Thomas,* 463 Pa. 284, 344 A.2d 834 (1975); *Estate of McKinley,* 461 Pa. 731, 337 A.2d 851 (1975); *Van Products Co. v. General Welding and Fabricating Co.,* 419 Pa. 248, 213 A.2d 769 (1965)).

Although *Taylor* dealt with the question of whether "cause of a necessitous and compelling nature" was a legal or factual conclusion, its rationale is applicable here. It is clear that petitioner was locked out of her office, had her supervisory and evaluative duties decreased tenfold, and was denied a telephone until the day before the hearing on her complaint. Surely, this was an overwhelming loss of responsibility, dignity, and prestige. Regardless of any bureaucratic "spin" that may have been given to this personnel move, it is clear, as a matter of law, that such a change must be viewed as a demotion.

In enacting the Code, the General Assembly mandated that anyone affected by such a demotion should be given an opportunity to contest same at a full administrative hearing. The personnel actions in the instant matter appear to be a cleverly constructed scheme to sidestep these statutory

requirements. As such, this Court can neither condone nor approve them.

We emphasize that by our determination today, we are not making suggestions or drawing conclusions regarding whether the demotion in question was justified, deserved or, in any way, improper. Such is the province of the Board, pursuant to the Code.

Accordingly, the decision of the Secretary is reversed and this matter is remanded to the Secretary with directions that the matter be remanded to the Spring–Ford Area School District School Board for the scheduling of a hearing pursuant to Section 1151 of the Public School Code of 1949.

## ORDER

AND NOW, this 23rd day of May, 1991, the order of the Secretary of Education in the above-captioned matter is reversed, and this case is remanded to the Secretary of Education with directions that he remand it to the Spring–Ford Area School District School Board for a hearing pursuant to Section 1151 of the Public School Code of 1949.

Jurisdiction relinquished.