Santee Case.

Argued November 18, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*George I. Puhak,* with him *Andrew I. Puhak,* for appellant.

*Richard L. Bigelow,* for appellee.

OPINION PER CURIAM, December 30, 1959:

The decree appealed from is affirmed on the following opinion of Judge FLANNERY for the court en banc.

"Miss Clara N. Santee has been a professional employee of the School District of the City of Hazleton where, since 1925, she has held the status of a teacher.

"For the school year 1956-1957 she was assigned to the D. A. Harman, Jr. High School teaching English and Mathematics in the 9th grade.

"On August 22, 1957, she was assigned to teach a 6th grade class in the Arthur Street School which assignment she regarded as a demotion and accepted under protest. Her salary was not affected by the transfer and is not here involved.

"Exercising her rights under the School Code she demanded restoration of her previous status and requested a hearing before the School Board. That was granted and her petition was denied. She appealed to the Superintendent of Public Instruction of the Commonwealth of Pennsylvania who, by decision dated June 11, 1958, dismissed her appeal. From that decision she appealed to this Court, and on October 3, 1958, we affirmed the decision and order of the Superintendent of Public Instruction.

"We are concerned now with exceptions to that decision of the Court.

"The question is narrow. Does an assignment from the 9th to the 6th grade constitute a demotion in type

of position as contemplated by the Code? We believe it does not.

"The statute provides: '. . . but there shall be no demotion of any professional employe either in salary or in type of position without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.' Article XI, Sec. 1151 of the Public School Code of 1949.

"There was a salary distinction between 'elementary and secondary schools' under the Act of May 18, 1911, P. L. 309, as amended and revised: *Wesenberg Case*, 346 Pa. 438. But this distinction was swept away in the amendment of July 5, 1947, P. L. 1266, which provided for minimum salaries based on certification and academic qualifications and not on assignment and this system has been retained under the amendments to the Code. Amendments May 9, 1949, P. L. 962 and May 26, 1949, P. L. 1820; 24 P.S. §§11-1142 and 11-1143; and amendments December 27, 1951, P. L. 1776 and June 1, 1955, P. L. 1948; 24 P.S. §11-1142 (Pkt. Pts.).

"Thus the Legislature has abolished the legal distinction between elementary and secondary schools and unless we can find in the law some differences between the two in importance, dignity, responsibility, authority and/or prestige—some distinguishing difference— the appellant cannot prevail.

"The definition of professional employee, as mandated in the Code, must be kept in mind. It provides: 'The term "professional employe" shall include teachers, supervisors, supervising principals, directors of vocational education, dental hygienists, visiting teachers, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists, school nurses who are certified as teachers and any regular full-time

employe of a school district who is duly certified as a teacher.' Act of March 10, 1949, P. L. 30, Art. XI, §1101, as amended; 24 P.S. §11-1101 (Pkt. Pts.).

"We construe these to be the 'type of position' referred to in Art. XI, §1151, which prohibits demotion of any professional employee either in salary or in type of position without the consent of the employee, as we have quoted above. Under this construction the appellant has not been demoted.

"There is no less importance, dignity, responsibility, authority, prestige or compensation in the elementary grades than in secondary. Here the young student still pliant, still susceptible, still in the formative stage, receives his earlier impressions, his inspiration, his direction. Here personality traits are brought out and developed, tastes are instilled, habit patterns are established, character is formed. This is perhaps the most important period of life; the most crucial. The period which may determine a child's ultimate moral, ethical and intellectual stature. To be charged with the responsibility for children in this critical time of their lives is no demotion."

Decree affirmed at appellant's costs.