John M. Sewell, Appellant *v.* Morton B. Solomon
et al., Appellees.

Submitted on briefs June 6, 1983, to President
Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI,
sitting as a panel of three.

*Alfonso Tumini,* with him, *Richard Wagner, Alfonso Tumini Law Offices,* for appellant.

*Mark A. Aronchick,* Acting City Solicitor, with him, *Jill A. Douthett,* Deputy City Solicitor, and *Leslie Simkin,* Assistant City Solicitor, for appellees.

200

OPINION BY JUDGE DOYLE, September 15, 1983:

John M. Sewell (Appellant), here appeals the decision of the Court of Common Pleas of Philadelphia County which dismissed his action in mandamus against the City of Philadelphia (City) and various officials thereof because of his failure to exhaust all administrative remedies prior to his action in mandamus. We affirm.

Appellant here sought access to several documents regarding evaluation of his duties as a police officer. These documents were the result of field investigations conducted by police officials. Appellant contends that these documents are part of his personnel file and therefore available for his inspection pursuant to the Act of Nov. 26, 1978, P.L. 1212 (Personnel Files Act), 43 P.S. §§1321-1324, which provides that an employee shall be permitted reasonable access to his complete personnel records. Appellees refused him access, stating that these documents are not part of his personnel file and that staff investigation reports are expressly excluded from the definition of personnel file under Section 1 of the Personnel Files Act, 43 P.S. §1321.

After making two requests to his supervisors for the production of these documents, Appellant now seeks to compel such action by a writ of mandamus.

Mandamus is an extraordinary legal remedy which will only issue when the petitioner seeking relief establishes that: (1) there is want of any other adequate and specific legal remedy, (2) there is a clear legal right to which he is entitled and (3) there exists a corresponding duty on the part of the party from whom he seeks relief. *Citizens Committee to Recall Rizzo v. Board of Elections of the City and County of Philadelphia*, 470 Pa. 1, 367 A.2d 232 (1976).

The Pennsylvania Rules of Civil Procedure also state that in order for a Complaint in mandamus to be sufficient it must allege, among other things, the want of any other adequate remedy at law.[1]

Both the original and amended Complaints in the case sub judice fail to state the absence of any remedy at law. Moreover it is clear that Appellant did not avail himself of the statutory remedy available. Section 4 of the Personnel Files Act, 43 P.S. §1324, states, in pertinent part:

> The Bureau of Labor Standards of the Department of Labor and Industry is hereby authorized and directed to enforce the provisions of this act, and upon a petition and hearing by either an employer or employee, to make and enforce such orders as the bureau shall deem appropriate to which order will provide access to said records and the opportunity for an employee to place a counter statement in his or her file in the event an alleged error is determined by an employee in the personnel file.

Appellant did not pursue this remedy prior to filing his action in mandamus. Appellant did send two written requests to his supervisors, a staff inspector and a Commissioner. However, no communication was alleged between the Department of Labor and Industry and the Appellant, and therefore he failed to exhaust that remedy.

Appellant cites *Geriot v. Council of Borough of Darby*, 491 Pa. 63, 417 A.2d 1144 (1980), for the proposition that although one remedy may be provided for, a writ of mandamus will lie even if that remedy is not pursued. Appellant's reliance on that case is misplaced. The case cannot be read to state that man-

---

[1] Pa. R.C.P. 1095(6).

202

damus will lie where another remedy at law exists. The question in *Geriot* was which of two remedial statutes applied to the party seeking relief. In overruling this Court, our Supreme Court stated that the court of common pleas had jurisdiction to decide between the two statutes and had chosen correctly. The Supreme Court did not fully evaluate the appropriateness of a mandamus action in that instance but reversed and remanded to the court of common pleas for proceedings consistent with their decision.

Having found no basis for disturbing the decision of the Court of Common Pleas of Philadelphia County, we affirm their decision.

ORDER

Now, September 15, 1983, the order of the Court of Common Pleas of Philadelphia County in the above referenced matter, dated January 15, 1982 is hereby affirmed.

