Kenneth Porter, Appellant *v.* The Board of Supervisors of North Franklin Township, Appellee.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*John A. Bacharach, Girman & Bacharach,* for appellant.

*Mark E. Mascara,* with him, *George Retos, Jr., Retos, Held & Associates,* for appellee.

OPINION BY JUDGE BARRY, May 16, 1984:

This is an appeal by Kenneth Porter (appellant) from an order of the Court of Common Pleas of Washington County which dismissed his complaint in mandamus against the Board of Supervisors of North Franklin Township (Board).

Appellant was first employed by North Franklin Township as a part-time police officer in 1967. He was subsequently promoted to a full-time lieutenant in July 1976 and continued as such until December 27, 1978. Throughout this entire period, he was also employed by the McGraw Edison Company on a full time basis.

On December 19, 1978, appellant was advised by the newly appointed chief of police that his position as lieutenant was eliminated and he was requested to assume general patrol duties on a rotation basis. In short, he was told that the police department would no longer allow him the flexible work schedule he

needed in order to accommodate his other full-time employment. Confronted with a choice between his two jobs, appellant, according to the factual findings of the trial court, chose to continue his private employment with the McGraw Edison Company and, therefore, voluntarily relinquished his position as a police officer. On May 30, 1979, five months after he last reported for work, appellant's name was officially removed from the duty roster.

Appellant then filed a complaint in mandamus against the Board on July 15, 1980, seeking reinstatement as a police officer and reimbursement for lost wages in excess of $60,000.00. The court dismissed his complaint by order dated January 20, 1983. This appeal followed from that order.

The decision to grant relief in a mandamus action is within the sole discretion of the trial court. *Branchick v. Department of Labor and Industry*, 496 Pa. 280, 436 A.2d 1182 (1981). Our scope of review is limited to a determination of whether, in reaching that decision, the trial court abused its discretion or committed error in applying the law. *Cottone v. Kulis*, 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983).

Mandamus will lie where the issue is the propriety of dismissing a police officer from a position which he properly held and to which he seeks reinstatement. *Wolkoff v. Owens*, 12 Pa. Commonwealth Ct. 74, 314 A.2d 545 (1974). The burden of proof is on the petitioner to establish that he is entitled to the relief requested. More specifically, he must show that: "(1) there is a want of any other adequate and specific legal remedy, (2) there is a clear legal right to which he is entitled and (3) there exists a corresponding duty on the part of the party from whom he seeks relief." *Sewell v. Solomon*, 77 Pa. Commonwealth Ct. 199, 200, 465 A.2d 130, 131 (1983).

The dispositive issue in the case before us is whether appellant was removed from his position or whether he voluntarily left. It is undisputed that the Police Tenure Act (Act)[1] regulates only the suspension, removal, or reduction in rank of police officers. It is also undisputed that appellant has not filed this action to contest his demotion from lieutenant to patrolman; rather, he is claiming that he was removed from his position in direct violation of the notice and hearing requirements set forth in the Act.

The trial court determined that appellant failed to meet his burden of proof because he did not establish that he was removed from his job as required by the Act. On the contrary, the court found that:

> While the [appellant] never submitted a formal resignation in writing, he made no reasonable effort to preserve his employment with the township; he failed to maintain contact with his employer or his superior, Chief Ullom; and made no genuine attempt to determine his work schedule with the township.
>
> He failed to respond to the written request of Mr. Moyer on behalf of the Township . . . as to his intention of returning to work.
>
> The court finds the [appellant], Porter, voluntarily left and quit his employment with the defendant Township in December of 1978.

(Opinion of trial court, pages 6-7, 1/2/83.)

It is appellant's contention that these findings are not supported by the evidence. However, a review of the record shows ample support for the court's findings, including appellant's testimony in which he admits that he has not reported to work since Decem-

---

[1] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§811-816.

ber 27, 1978. He also admits that, although the police station is open on weekdays from 9:00 a.m. to 5:00 p.m., he made no attempt during those hours to ascertain whether or not he had been scheduled to work.

We conclude, therefore, that appellant did in fact resign and quit his position as a police officer and, consequently, did not meet the necessary burden of proof which would have entitled him to the relief requested.

Accordingly, we affirm.

### ORDER

Now, May 16, 1984, the order of the Court of Common Pleas of Washington County, at No. 172 July Term 1980, dated January 20, 1983, is affirmed.