529 A.2d 1206

Michael J. Botti, Petitioner *v.* Southwest Butler County School District, Respondent.

Southwest Butler County School District, Appellant *v.* Michael J. Botti, Appellee.

Argued October 10, 1986, before Judges CRAIG and BARRY (P), and Senior Judge BLATT, sitting as a panel of three.

*Dennis S. Shilobod,* with him, *E. J. Strassburger, Strassburger* & *McKenna,* for petitioner/appellee, Michael J. Botti.

*Kenneth M. Argentieri,* with him, *Charles E. Steele* and *Mathew M. Hoffman, Kirkpatrick* & *Lockhart,* and *George H. Hancher,* for respondent/appellant, Southwest Butler County School District.

OPINION BY JUDGE BLATT, August 20, 1987:

Before us are consolidated appeals emanating from the same factual background, but involving different

procedural routes. Michael J. Botti (Botti) appeals an order of the Secretary of Education (Secretary) which determined, after argument but without holding an evidentiary hearing, that Botti, who had been employed as a teacher and principal under the terms of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§1-101 through 26-2607-A (School Code), was not entitled to a school board hearing on the issue of his alleged demotion or suspension. The Court of Common Pleas of Butler County (trial court), in a separate suit, sustained Botti's complaint in mandamus, wherein Botti sought a hearing in front of the school board after the trial court determined that Botti had been improperly denied a hearing. The trial court, therefore, ordered that the Southwest Butler County School Board (School Board) conduct the hearing and that Botti be reinstated to the position of principal of Rowan Elementary School (Rowan) with full back pay pending outcome of the hearing. The Southwest Butler County School District (School District) appeals that order to this court.

The following facts are pertinent. Botti had been an employee of the School District since 1965 and holds certification for both school principalship and certain teacher positions. In the summer preceding the 1981-82 school year, the School District and Botti entered into a "substitute contract" whereby Botti was appointed as principal of Rowan to fill a vacancy which arose when another principal was realigned pursuant to the granting of a sabbatical to the principal of Haine Elementary School. The Secretary found that the placement of Botti in this position was "temporary in nature". The trial court, however, determined that Botti had been appointed to fill a "permanent" position. The Secretary's finding was based in large part upon the language

appearing in the substitute contract[1] and the fact that Botti never asserted his position was anything other than temporary until March 1984. The trial court's contrary resolution of the status of Botti's position is based upon its reading of the contract as providing that Botti would be given a permanent position if his performance over the course of the year was satisfactory, and Botti's receipt of a complimentary letter from the School District's superintendent at the end of the year indicating that his performance was satisfactory.

In any event, it is undisputed that, at the end of the 1981-82 school year, Botti did not remain in the principal position. Instead, he was returned to the classroom. Then, in September 1983, Botti was again appointed to the principal position at Rowan to replace a colleague who was killed in an accident. He served in this position for one semester after which an individual from outside of the School District, Mr. Donald Lee, was hired to assume the position, thus, resulting in Botti's again being returned to the classroom.

It was after this second return to the classroom that Botti filed his request for a hearing with the School

---

[1] SUBSTITUTE CONTRACT

Whereas, the Southwest Butler County School District is in need of a principal for the Rowan Elementary School in said District during the 1981-82 school year; and . . .

. . . .

Whereas, it is the *desire* of the District to give said Michael J. Botti a trial period in the position as principal of the Rowan Elementary School and if satisfied with his performance after one year to issue him a contract as a principal for the District; and. . . .

(Emphasis added.)

The Secretary noted that this document is contrary to the express provisions for professional employee contracts appearing in Section 1121 of the School Code. 24 P.S. §11-1121. That matter need not concern us here, however.

Board alleging improper demotion under Section 1151 of the School Code, 24 P.S. §11-1151, and/or improper suspension under Section 1125.1 of the School Code,[2] 24 P.S. §11-1125.1, on both July 1, 1982 and January 9, 1984. Botti's request for a hearing was denied on the grounds that no suspension or demotion occurred. Botti then filed his mandamus complaint in the trial court requesting an order compelling the School Board to hold a hearing and reinstate Botti, pending outcome of the hearing. Two days later, Botti filed an appeal with the Secretary seeking review of the School Board's determination to deny him a hearing. The Secretary, after hearing argument but without conducting a hearing, held, in an adjudication dated April 11, 1985, that a right to a hearing emanates from an employee's belief that the personnel action constitutes a demotion and that, where there is no reasonable basis for such belief, the employee is not entitled to a hearing. On this basis, she denied Botti a hearing. The trial court, by order dated October 15, 1985, granted Botti the relief he sought.

Having set forth the above-described procedural labyrinth, we acknowledge that our review of this matter is further complicated by the differing scopes of review applicable to each appeal here. The order of the Secretary is an adjudication of a state-wide agency and hence our scope of review is governed by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Accordingly, we review the Secretary's order to determine whether or not it contains a constitutional violation or an error of law, and whether or not the necessary findings of fact are supported by substantial evidence on the record. The decision of the trial court on whether or

---

[2] Section 1125.1 was added by Section 3 of the Act of November 20, 1979, P.L. 465, *as amended*.

not to grant mandamus is, however, within the sole discretion of that court and our review is limited to determining whether or not it committed an abuse of discretion or an error of law. *Porter v. Board of Supervisors of North Franklin Township*, 82 Pa. Commonwealth Ct. 440, 474 A.2d 1241 (1984).

We first consider the Secretary's order. It is beyond question that Section 1151 of the School Code grants to any professional employee the right to a hearing when a demotion occurs. There is no dispute that Botti is a professional employee. In addition, the general rule is that a demotion does not become effective until *after* a hearing is held. *See e.g. Smith v. School District of Darby Township*, 388 Pa. 301, 130 A.2d 661 (1957); *Nagy v. Belle Vernon Area School District*, 49 Pa. Commonwealth Ct. 452, 412 A.2d 172 (1980); *McCoy v. Lincoln Intermediate Unit, No. 12*, 38 Pa. Commonwealth Ct. 29, 391 A.2d 1119 (1978), *cert. denied* 441 U.S. 923 (1979); *but see School District of Philadelphia v. Twer*, 498 Pa. 429, 447 A.2d 222 (1982) (in case involving mass demotions for budgetary reasons, prior hearing was not mandated when it would defeat primary purpose of School Code to ensure better education for Commonwealth's children). It is further settled that when a professional employee claims or alleges that he has been demoted, he is entitled to a hearing to determine whether or not such, in fact, is the case. *School District of Philadelphia v. Rochester*, 46 Pa. Commonwealth Ct. 123, 405 A.2d 1142 (1979); *Patchel v. Board of Directors of Wilkinsburg School District*, 42 Pa. Commonwealth Ct. 34, 400 A.2d 229 (1979); *Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975).

Despite this well-established precedent, the Secretary, without taking any testimony, concluded that Botti's belief that he had been demoted was "unreason-

able" and, hence, refused to order the School Board to conduct a hearing. We need go no further, for such action was clearly erroneous as a matter of law and, accordingly, the Secretary's decision must be reversed. The School District argues that, because Botti's position was never intended to be permanent, no demotion occurred. This contention, however, goes to the merits of whether or not a demotion in fact occurred. It is not a justification for denying a hearing on the issue.

We now turn to the matter of the trial court's order. We first recognize that, where a demotion is for cause, the Secretary has exclusive jurisdiction to hear a complaint. *See* Section 1131 of the School Code, 24 P.S. §11-1131. If, however, an employee alleges a suspension because of, *inter alia,* a consolidation of schools, *see* Section 1124 of the School Code, 24 P.S. §11-1124, an appeal from a school board adjudication is properly taken to the common pleas court. *See* Section 1125.1(f) of the School Code, 24 P.S. §11-1125.1(f); *see also Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981).

The case in the trial court, however, did not involve an appeal from a school board adjudication on a suspension issue, but was instead a mandamus action. Despite this fact, the trial court, after taking testimony, appeared to determine that an improper realignment under Section 1125.1 had occurred. Adding to the confusion, after seemingly deciding the merits itself, the trial court then entered an order to the School District to conduct a hearing on the "within merits." The School District reads the opinion as indicated that, as a matter of fact, the trial court found an improper suspension. While the opinion is subject to such a reading, when viewed in conjunction with the order and with the procedural posture of the case below, we believe that the trial court merely found that Botti had presented

sufficient evidence to demonstrate that his right to a hearing was clear and, hence, that mandamus would lie. When the opinion is viewed in this manner, then the School District is free to decide, after a hearing, what Botti's status was, *i.e.*, permanent, temporary or substitute, and whether or not the personnel action concerned constituted a demotion, a suspension or neither.

Having determined that the trial court's finding of an improper suspension was not a finding on the merits, but only pertained to whether or not Botti met his burden to entitle him to a writ of mandamus,[3] we need not now consider the School District's contentions that a finding on the merits as to the suspension was erroneous as a matter of law.

We must, however, proceed further and determine whether or not the trial court abused its discretion or committed an error in ordering reinstatement with back pay pending resolution of the matter. We believe that it did. While it is clear that Botti alleged enough to demonstrate a right to a hearing, it is not clear that he was, in fact, demoted or suspended. It yet remains to be decided whether or not he ever acquired permanent or temporary professional status in the principal position, or instead remained a substitute. An award of reinstatement and back pay in cases where a school district failed to provide a hearing, to which an aggrieved employee was entitled, is limited to situations where the status of the employee is not in dispute. *Rosenberg v. South Allegheny School District,* 61 Pa. Commonwealth Ct. 63, 67-68 n. 3, 432 A.2d 654, 656 n. 3

---

[3] It has often been observed that mandamus is an extraordinary writ which will lie to compel the performance of a mandatory duty where there is a clear right in the plaintiff and a correspondingly clear duty in the defendant and where there is no other adequate remedy. *See e.g. United States Steel Corp. v. Papadakos,* 63 Pa. Commonwealth Ct. 213, 437 A.2d 1044 (1981).

(1981). We must hold, therefore, that the order, insofar as it directed reinstatement and backpay, was in error.

Finally, we must determine whether or not Botti waived his right to contest the School District's 1981-82 action by waiting until March 1984 to demand a hearing. We must hold that he did not. Not until Lee was appointed to the position did Botti become aware that his notions of his status and of his rights to the position were at odds with those of the School District. Upon so realizing, he promptly requested a hearing. Thus, this case is distinguishable from *Haas v. Llewellyn*, 390 Pa. 469, 135 A.2d 754 (1957), wherein the employee unjustifiably waited almost seven years to appeal her termination.

Having determined that Botti is entitled to a hearing before the School Board on the issues of whether or not he was improperly suspended or demoted and what his legal status was (permanent, temporary, or substitute), we will, therefore, reverse the order of the Secretary and remand for a hearing and affirm in part and reverse in part the order of the trial court.

## ORDER

AND NOW, this 20th day of August, 1987, the order of the Secretary of Education in the above-captioned matter is reversed. The order of the trial court is affirmed insofar as it granted the writ of mandamus directing the School Board to hold a hearing in this matter. The order of the trial court is reversed insofar as it ordered Botti reinstated with back pay pending outcome of the hearing. This case is remanded to the trial court for further remand to the School Board with directions that it hold a hearing on the matter.

Jurisdiction relinquished.