# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Harrison Burnett, III,    :
                       Petitioner    :
                               :
              v.                :   No. 1559 C.D. 2016
                               :   Argued:  May 1, 2017
School District of Philadelphia,    :
                      Respondent   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY
JUDGE COHN JUBELIRER               FILED: July 12, 2017

Ronald Harrison Burnett, III (Burnett) petitions for review of the Order of the Secretary of Education (Secretary) finding Burnett's reassignment from high school chemistry teacher to middle school general science teacher by the School District of Philadelphia (District) was not a demotion in "type of position" and, therefore, there was no error in District's denying his request for a hearing pursuant to Section 1151 of the Public School Code of 1949 (School Code),[1] 24 P.S. § 11-1151.  On appeal, Burnett argues he is entitled to a hearing on his claim he was demoted, and because he did not receive a hearing, it was error for the Secretary to render a decision.  He further asserts the Secretary's Adjudication did

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11-1151 (stating in pertinent part that, where a professional employee does not consent to a demotion, the "demotion shall be subject to the right to a hearing before the board of school directors" with a right to appeal).

not comply with Section 507 of the Administrative Agency Law, 2 Pa. C.S. § 507, because it did not include findings of fact or conclusions of law on all the issues he raised in his appeal.[2] Because a school district must strictly follow the procedures set forth in the School Code when a professional employee claims to be demoted, and District did not do so here, we reverse the Secretary's Order and remand the matter to the Secretary for further remand to District's School Reform Commission (SRC) for a hearing.

Burnett, who is certified to teach chemistry and general science for grades 7-12, worked as a teacher for District from 1995 to 1999, teaching high school physics and chemistry. After teaching in another school district, he returned to the District and eventually began teaching chemistry at Central High School. In 2013, while teaching chemistry at Central High School, Burnett applied for and received a professional development sabbatical leave for the period from September 1, 2013, through June 30, 2014. In May 2014, while still on sabbatical, District notified Burnett he would be force transferred to another school. Burnett initially was assigned, over his objections, to a middle school, but ultimately was sent to Northeast High School to teach chemistry. In April 2015, District notified Burnett he would be force transferred from Northeast High School. Despite Burnett's objections, he was assigned to teach general science full time at Clemente Middle School with no change of salary or benefits for the 2015-2016 School Year. Burnett reported to the position, but he requested a hearing before the SRC pursuant to Section 1151, claiming he had been demoted.

---

[2] Burnett also asserted his reassignment violated Section 1168(b) of the School Code, 24 P.S. § 11-1168(b), because he was not returned to the "same position" after he returned from his professional development sabbatical.

The SRC advised Burnett, by letter dated October 1, 2015, that a hearing would be scheduled on his alleged demotion. On October 14, 2015, the SRC notified Burnett that District needed to reschedule the hearing, but no new hearing was ever scheduled. District's assistant general counsel sent Burnett's counsel a letter on November 3, 2015, indicating that District was "rejecting [Burnett's] request for a hearing" because it was in District's "judgment [that] the case law clearly establishes that . . . Burnett was not demoted." (R.R. at 53a.)

Burnett appealed to the Secretary pursuant to 22 Pa. Code § 351.5(a).[3] Secretary assigned a hearing examiner and requested the parties forward, among other things, "the record of the proceedings before the [SRC] concerning [Burnett] (including all exhibits)" to the Department of Education's (Department) Chief Counsel's Office. (Letter from Secretary to Parties' Counsel (November 19, 2015), Certified Record (C.R.) at 8.) Burnett filed a pre-hearing brief, asserting, in relevant part, that he was demoted in his "type of position" when he was force transferred to Clemente Middle School to teach general science, and District erred in denying him a hearing pursuant to Section 1151. Burnett also submitted a "Specifications in Support of Request for Hearing," which he had filed with the SRC, containing facts he believed relevant to his asserted demotion. District filed a brief and exhibits. District argued, *inter alia*, that, pursuant to *Appeal of Santee*, 156 A.2d 830 (Pa. 1959), and *Appeal of Wesenberg*, 31 A.2d 151 (Pa. 1943), Burnett's transfer was not a demotion as a matter of law and, therefore, it was not required to hold a hearing pursuant to Section 1151. It further asserted that, given

---

[3] This regulation states, in relevant part, "[w]here the board refuses to give an employe a hearing under section[] 1151 . . . , the employe may appeal to the Secretary within 30 days after receipt . . . of the decision of the board . . . ." 22 Pa. Code § 351.5(a).

3

the state of the District and the number of teachers it has had to force transfer due to decreasing enrollment, even if the transfer was a demotion, no pre-demotion hearing would have been required under these circumstances per *School District of Philadelphia v. Twer*, 447 A.2d 222 (Pa. 1982). At the hearing, Burnett asked to testify, but the hearing examiner denied the request, choosing instead to accept only the written submissions and oral argument.

Based on the argument at the hearing and his review of the documents submitted, Secretary found, citing *Wesenberg* and *Santee,* that Burnett's transfer to a full-time position teaching younger students was not a demotion because such position is of "'no less importance, dignity, responsibility, authority, prestige or compensation.'" (Secretary Op. at 3 (quoting *Santee*, 156 A.2d at 832).) Secretary further noted there is nothing in the School Code that distinguishes between the status of professional employees in junior and senior high schools and that how "a cha[n]ge of position might affect the sensibilities or peculiar tastes or talents of an individual teacher," did not render the change a demotion. (*Id.* at 3-4 (quoting *Wesenberg*, 31 A.2d at 153).) Concluding "[t]he record contains no factual allegations that, if proven, would support a conclusion that the position to which [Burnett] was reassigned . . . is not the equivalent in rank and class to his former position," Secretary declined to remand the matter for a hearing and dismissed Burnett's appeal. (*Id.* at 4; Order.) Burnett now petitions this Court for review.[4]

On appeal, Burnett argues as follows. Section 1151 explicitly gives a professional employee who claims he has been demoted the right to a hearing to

---

[4] In reviewing the Secretary's Order, we are to determine "whether or not it contains a constitutional violation or an error of law, and whether or not the necessary findings of fact are supported by substantial evidence on the record." *Botti v. Sw. Butler Cnty. Sch. Dist.*, 529 A.2d 1206, 1208 (Pa. Cmwlth. 1987).

4

determine whether a demotion, in fact, occurred, and this right is well-supported by precedent. It is the employee's **claim** of a demotion that triggers the right to a hearing, regardless of whether a demotion has, in fact, occurred. *Patchel v. Bd. of Sch. Dirs. of Wilkinsburg Sch. Dist.*, 400 A.2d 229, 231 (Pa. Cmwlth. 1979); *Dep't of Educ. v. Charleroi Area Sch. Dist.*, 347 A.2d 736, 738 (Pa. Cmwlth. 1975). Accordingly, the SRC erred in denying his hearing request, and the Secretary's dismissal of Burnett's appeal, despite that error, requires reversal and a remand to the SRC for a hearing.

District responds as follows. Burnett does not have a vested right in any particular teaching position, and his reassignment to a new grade and/or a new school is not a demotion "in type of position" as a matter of law because he remains a full-time teacher within the District. (District's Br. at 6-8 (citing *Santee*, 156 A.2d at 831; *Wesenberg*, 31 A.2d at 154).) Because Burnett's reassignment was not a demotion, there was no need for the SRC to hold a hearing. To hold otherwise, would "interfere with the efficient conduct of the high school system," *Wesenberg*, 31 A.2d at 154, and is contrary to the Supreme Court's decision in *Twer*.

We begin with the School Code, which addresses the requirements for demotion of a professional employee in Section 1151, as follows:

> there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, **if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors** and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

24 P.S. § 11-1151 (emphasis added). We have defined a "demotion [a]s a reassignment to a position which has less importance, dignity, authority, prestige

5

or salary." *Walsh v. Sto-Rox Sch. Dist.*, 532 A.2d 547, 548 (Pa. Cmwlth. 1987). A school board may demote a professional employee so long as the demotion is not arbitrary or discriminatory. *Tassone v. Sch. Dist. of Redstone Twp.*, 183 A.2d 536, 539 (Pa. 1962) (citing *Smith v. Darby Sch. Dist.*, 130 A.2d 661, 666 (Pa. 1957)). The school board's action is presumptively valid, and it is the demoted employee who "has the burden of proving [that the demotion was] arbitrary, discriminatory or founded upon improper considerations . . . ." *Brownsville Area Sch. Dist. v. Lucostic*, 297 A.2d 516, 518 (Pa. Cmwlth. 1972) (citing *Smith*, 130 A.2d at 666; *Lakeland Joint Sch. Dist. v. Gilvary*, 283 A.2d 500, 502 (Pa. Cmwlth. 1971)).

Although a professional employee does not have "a vested right to teach in any certain class or in any certain school," we have held the provisions involving a "teacher's tenure, as found in the School Code **require[] strict compliance**." *Bd. of Sch. Dirs. of Abington Sch. Dist. v. Pittenger*, 305 A.2d 382, 385 (Pa. Cmwlth. 1973) (emphasis added). For example, in *Pittenger*, a school district reassigned an assistant principal as a classroom teacher without following the procedures set forth in the School Code. The employee appealed to the Secretary, who reversed holding the school district's procedure was *void ab initio* because it had not satisfied the procedural requirements mandated by the School Code. On further appeal, this Court affirmed concluding "the procedure set forth in the School Code **must be strictly followed**"[5] and that the failure to do so "renders an attempted demotion abortive." *Pittenger*, 305 A.2d at 386 (emphasis added).

---

[5] We further explained that, in demotion cases, the requirements of Section 1151 and Section 1127 of the School Code, 24 P.S. § 11-1127 (setting forth the procedure for dismissals, charges, notice and hearing), must be strictly followed. *Pittenger*, 305 A.2d at 386.

District contends that no demotion has occurred, and therefore, although Burnett **claims** he has been demoted without his consent, the School Code section, which only applies to demotions, does not require a hearing. However, our Supreme Court has previously rejected this contention stating "[u]nder this view a board could arbitrarily conclude the employee had not been demoted, and, in the absence of a demotion, *a fortiori* no right to a hearing under the statute would exist," a result the Court believed was anomalous and not intended by the legislature. *Smith*, 130 A.2d at 670-671. Instead, the right to a hearing granted in Section 1151 arises "[w]hen a professional employee **claims** he has been demoted in type of position and/or salary" and "it is the school board's **duty to grant him a hearing**." *Id.* at 671 (emphasis added). Thus, with few exceptions, we have held the entitlement to a hearing under Section 1151 is triggered by the professional employee's **claim or belief** that there has been a demotion "irrespective of whether a demotion has, in fact, occurred." *Walsh*, 532 A.2d at 548 (emphasis added).

District's contention is, essentially, that on the merits, there was clearly not a demotion here as a matter of law, and therefore requiring a hearing would just unnecessarily drain the District's already limited resources. However, in the cases District cites, the professional employee's right to a hearing was not compromised. The teacher in *Santee*, who was reassigned from ninth grade to sixth grade, was given a hearing before the school board on whether this was a demotion in type of position under the School Code. The principal in *Wesenberg*, who was discharged after refusing to accept reassignment from his existing position in a junior-senior high school to a junior high school, as noted by the Supreme Court, had not "ask[ed] for a hearing on the question of demotion[;] [i]f he had done so and at the time assumed the new assignment until final disposition of the question, he could

7

have safeguarded his rights . . . ." 31 A.2d at 153. We recognize that, in these cases, the Supreme Court ultimately held on the merits that no demotions under the School Code occurred, eloquently explaining in *Santee* that, "[t]here is no less importance, dignity, responsibility, authority, prestige or compensation in elementary grades than in secondary." 156 A.2d at 832. However, the teacher in *Santee* received a hearing, and the principal in *Wesenberg* did not ask for a hearing on the question of demotion, although he was entitled to one. Thus, a school district's contention that there has been no demotion goes "**to the merits** of whether or not a demotion in fact occurred[, and is] . . . not **a justification for denying a hearing on the issue**." *Botti v. Sw. Butler Cnty. Sch. Dist.*, 529 A.2d 1206, 1208-09 (Pa. Cmwlth. 1987) (emphasis added).

The School Code's hearing requirement may be related to the factual inquiries involved in analyzing demotions, because

> [a] demotion is, by its nature, relative. A change in the title of one's job may have no bearing on one's authority, prestige, or responsibility in any given organizational structure. It may be very difficult for persons outside the system to assess the 'pecking order' accurately. For this reason, in cases where a demotion in type of position is alleged, the reviewing body requires **a complete record in which testimony as to the relative standing of the old and new positions in the hierarchy is developed**.

*Charleroi Area Sch. Dist.*, 347 A.2d at 738 (emphasis added). The development of a record before a school board allows the Secretary to "make an informed evaluation of the circumstances surrounding the alleged demotion to determine whether" there, in fact, was a demotion. *Walsh*, 532 A.2d at 549.

The District's argument regarding the expense associated with having to hold a hearing for every professional employee it reassigns and the impact this

8

would have on the efficient operation of its schools, while not lost on the Court, cannot abrogate the due process procedures mandated by the School Code. Faced with similar arguments following the District's demotion of hundreds of employees due to budgetary constraints with only notice and a mass pre-demotion hearing, our Supreme Court held that **pre**-demotion hearings were not mandatory where they would interfere with the primary purposes of the School Code and the broad discretionary powers of the board to operate the school district within the public interest. *Twer*, 447 A.2d at 227. In that case, the Court concluded the post-demotion hearings proposed by the District would fully protect the rights of the school district's professional employees. *Id.* Thus, budgetary and operational concerns do not absolve a school district from the requirement of holding a hearing.

In accordance with this analysis, because Burnett claimed he had been demoted in type of position, the SRC had a duty to hold a hearing. Because the Secretary should have remanded the matter for a hearing on the alleged demotion in accordance with Section 1151, *Botti*, 529 A.2d at 1208-09; *Isban v. Dep't of Educ.*, 382 A.2d 1266, 1269 (Pa. Cmwlth. 1978); *Charleroi Sch. Dist.*, 347 A.2d at 739, the Secretary's Order is reversed, and the matter is remanded to the Secretary to remand to the SRC for a hearing in accordance with this opinion.[6]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[6] Due to our disposition, we will not address Burnett's other arguments that Secretary erred in finding, without a hearing, that his reassignment was not a demotion and that the Secretary's Adjudication did not comply with Section 507 of the Administrative Agency Law, 2 Pa. C.S. § 507.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Harrison Burnett, III,        :
               Petitioner    :
                          :
         v.          :   No. 1559 C.D. 2016
                          :
School District of Philadelphia,    :
              Respondent  :

## O R D E R

**NOW**, July 12, 2017, the Order of the Secretary of Education (Secretary), entered in the above-captioned matter, is hereby **REVERSED**, and this matter is **REMANDED** to the Secretary to remand to the School District of Philadelphia's School Reform Commission to hold a hearing in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge