IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
                               :
              v.               : No. 613 C.D. 2023
                               : Submitted: February 6, 2024
Anthony D. Heath,              :
                               :
                   Appellant   :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: March 20, 2024


Anthony D. Heath (Licensee) appeals *pro se* from an order of the Court of Common Pleas of Northampton County (trial court and County, respectively), which denied his "Ex Parte Pro Se Motion to the President Judge Seeking Leave of Court to Reinstate Pennsylvania Driver's License 29554408" (Motion) as moot. *See* Original Record Docket Entry (OR Dkt. #) 12. The trial court found that Licensee appears to be ineligible for reinstatement of his operating privileges because he is currently serving a lifetime sentence for an unrelated crime. We affirm.

The Pennsylvania Superior Court has summarized the relevant facts of this case[1] as follows:

---

[1] It is appropriate for this Court to take judicial notice of the docket entries that are filed and entered into our docket and the dockets of other courts in Licensee's related cases. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (taking judicial notice of docket entries that were not part of the original record); *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the entries on a claimant's criminal docket and the records contained therein).

On January 26, 2012, [Licensee] entered a negotiated guilty plea to driving under the influence of a controlled substance ("DUI"). [Licensee] acknowledged at the time of his plea that his driver's license would be suspended for 12 months as a result of the guilty plea. The [trial] court sentenced [Licensee] that day to 3 days to 6 months' imprisonment, and to pay fines and costs. While on parole, [Licensee] failed to report as required. On September 14, 2012, following a revocation hearing, the [trial] court revoked parole and resentenced [Licensee] to serve the balance of his sentence, which was approximately 4½ months.

On February 8, 2022, [Licensee] filed the current [Motion]. In his [Motion], Licensee alleged that he turned in his driver's license on or around the time of his guilty plea in 2012. [Licensee] claimed that he completed his sentence for the DUI case on February 18, 2013. [Licensee] conceded that he still owed costs and fines in the amount of $2,468.75. [Licensee] further admitted that he was currently incarcerated for other crimes, but [Licensee] stated that he planned to find employment upon his release. [Licensee] indicated that he received a letter from [the Department of Transportation (DOT)] listing the requirements for restoration of [Licensee]'s license. One of the requirements is that the court notify [DOT] that [Licensee] had completed serving his sentence. Thus, [Licensee] asked the court to: (1) forward [DOT] notification that [Licensee] completed his prison term; (2) order that [Licensee]'s driver's license be reinstated; (3) order the clerk to set up a payment plan once [Licensee] obtains employment; and (4) suspend the court costs and fines.

On February 22, 2022, the court denied [Licensee's [Motion] as moot. Specifically, the court stated that [Licensee] is ineligible for the restoration of his driving privileges based on [Licensee]'s conviction in another matter . . . for which [Licensee] is serving a life sentence.

*Commonwealth v. Heath* (Pa. Super., No. 801 EDA 2022, filed April 19, 2023), slip op. at 1-3. The Superior Court also explained that Licensee is currently serving a

2

life sentence because "a jury convicted Licensee of first-degree murder, receiving stolen property, access device fraud, abuse of a corpse, and tampering with or fabricating evidence." *Id.* at 3, n.3. He was serving this sentence when he filed the Motion. *Id.*[2]

On appeal,[3] Licensee argues that the trial court had a ministerial duty to notify DOT that he had completed his prison term for the underlying DUI offense giving rise to the suspension of his driving privileges. Licensee's Brief at 6. In support of his position, Licensee directs our attention to "ACT 151" and the restoration requirements letter sent to him by DOT. *Id.* Licensee also contends that he is currently in compliance with Section 1541 of the Vehicle Code, 75 Pa. C.S. §1541, but that the trial court has "unfairly [] obstructed in that process simply because the [trial] court makes mention of a[n] unrelated sentence deeming [his] request as moot, all of which . . . plays no legal or [c]onstitutional difference in the

---

[2] The Northampton County District Attorney's Office determined that it does not involve itself in matters related to the reinstatement of driving privileges and opted not to file a brief in the Superior Court. *See Heath*, slip op. at 4. Further, because Licensee's motion also sought to reinstate his driving privileges, the Superior Court found that the best resolution in this case would be to transfer this appeal to our Court. *Id.* (citing Section 762(a)(3) of the Judicial Code, 42 Pa. C.S. §762(a)(3) (the Commonwealth Court has exclusive jurisdiction over appeals from final orders of the courts of common pleas where the courts of common pleas initially had jurisdiction over the review of a government agency's decision); *see also* Section 933(a)(1)(ii), 42 Pa. C.S. §933(a)(1)(ii) (the courts of common pleas shall have jurisdiction over appeals from the final order of a government agency, including DOT); and Section 1550(a) of the Vehicle Code, 75 Pa. C.S. §1550(a) (vesting any person who has had their license suspended by DOT with a right to appeal in a court with proper jurisdiction). Finally, the Superior Court ordered that "[Licensee] shall file an amended notice of appeal listing [DOT] as the appellee, so that [DOT] may have an opportunity to respond to [Licensee]'s reinstatement request." *Id.* at 5. Our review of the record in this matter demonstrates that an amended notice of appeal has not been filed in this case, and DOT has never been made a party in this matter.

[3] Our "review of a grant or denial of mandamus is limited to determining whether the trial court abused its discretion or committed legal error." *Worth v. Smeal*, 701 A.2d 997, 998 n.1 (Pa. Cmwlth. 1997) (citation omitted).

3

restoration process . . . ." Licensee's Brief at 6-7.  To that end, Licensee posits that his attempt to reinstate his driving privileges should not be prevented by an unrelated lifetime sentence, because he has matters pending in federal court which will result in his release from custody on that separate judgment of sentence.  *Id.* at 5.

However, Licensee's Motion sought to compel, *inter alia*, the reinstatement of his driver's license.  Thus, "irrespective of [Licensee's] nomenclature, [the instant matter] is a mandamus action, because it seeks court intervention to compel the performance of certain acts by government officials." *Campbell v. Rosenberger*, 632 A.2d 1094, 1095 n.2 (Pa. Cmwlth. 1993).  Moreover, this mandamus action is peculiar because Licensee initiated this matter by filing the Motion under the former criminal docket number for his DUI prosecution, rather than by filing a civil action against either the County's Clerk of Courts or DOT directly seeking the reinstatement of his license.

Indeed, as this Court has explained:

> Mandamus is an extraordinary remedy which is designed to compel the performance of a purely ministerial act or mandatory duty on the part of a public officer.  In order to prevail in an action for mandamus, [Licensee] must establish that he has a clear legal right to the relief he requested, that respondents have a corresponding duty to perform a ministerial act or mandatory duty, and that no other adequate remedy is available at law.

*Campbell*, 632 A.2d at 1096; *see also Nason v. Commonwealth*, 494 A.2d 499, 502 (Pa. Cmwlth. 1985) ("Mandamus is an extraordinary writ which is granted only where there is a clear and specific legal right of [a] plaintiff, a correspondingly clear legal duty of [a] defendant and a want of any other adequate remedy.  It is never granted *in anticipation* of an omission of duty.") (citations omitted and emphasis in original); *Sewell v. Solomon*, 465 A.2d 130, 131 (Pa. Cmwlth. 1983) ("The

4

Pennsylvania Rules of Civil Procedure also state that in order for a [c]omplaint in mandamus to be sufficient it must allege, among other things, the want of any other adequate remedy at law.") (footnote omitted).

Here, Licensee failed to demonstrate that the trial court has a mandatory or ministerial duty to notify DOT of the completion of his DUI sentence or that he is entitled to the reinstatement of his license by DOT. For his contention that the trial court did in fact have such a duty, Licensee vaguely cites to "ACT 151." Brief for Appellant at 6. Similarly, in its December 29, 2020 restoration requirements letter sent to Licensee, DOT referred to a "PRISON RELEASE REQUIREMENT (Act 151)." OR Dkt. #12, Ex. A at 2.[4] In relevant part, the letter states that "[t]he [trial c]ourt has sentenced you to serve a prison term. . . . The [trial c]ourt must certify to [DOT] that your prison term is completed. [DOT] recommends that you CONTACT YOUR PROBATION OFFICER and/or the [trial c]ourt to ensure that [DOT] is properly notified." *Id*. However, the Motion is unclear regarding what Act 151 specifically refers to and whether it actually charges the trial court or the County Clerk of Courts with a duty to notify DOT of the completion of Licensee's term of imprisonment for his DUI conviction.

Section 16 of the Act of December 28, 1998, P.L. 1126, No. 151 (Act 151), amended Section 1541 of the Vehicle Code by adding subsection (a.1), 75 Pa. C.S. §1541(a.1). In relevant part, Section 1541(a.1) now states that "[c]redit toward serving the period of suspension or revocation imposed for [S]ection[] . . . 3802 (relating to driving under the influence of alcohol or controlled substance) . . . shall not commence until the date of the person's release from prison." In addition,

---

[4] We note that DOT's restoration requirements letter was sent to Licensee at a residential address in Allentown, while the Motion was filed by Licensee with a return address at the State Correctional Institution at Frackville. *Compare* OR Dkt. #12 at 1 with OR Dkt. #12, Ex. A at 1.

Section 56 of Act 151 amended Section 6323(5) of the Vehicle Code, which now provides that "the record of judgment required to be sent to [DOT] by paragraphs (1) and (2) shall indicate if the court ordered the defendant to a term of prison." 75 Pa. C.S. §6323(5).

However, Section 6323 (1)(i) and (2) of the Vehicle Code states:

Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursuant to [the Judicial Code]:

(1) The following shall apply:

(i) The clerks of any court of this Commonwealth, within 10 days after final judgment of conviction or acquittal or other disposition of charges under any of the provision of this title or under Section 13 of the [A]ct of April 14, 1972[, P.L. 233, *as amended*, 35 P.S. §780-113], known as The Controlled Substance, Drug, Device and Cosmetic Act [(Drug Act)], including an adjudication of delinquency or the granting of a consent decree, shall send to [DOT] a record of conviction, acquittal or other disposition.

* * *

(2) A record of the judgment shall also be forwarded to [DOT] upon conviction or acquittal of a person of a felony, a misdemeanor of the first degree or a misdemeanor of the second degree in the commission of which the judge determines that a motor vehicle was essentially involved.

75 Pa. C.S. §6323(1)(i), (2).[5]

---

[5] Act 151 also amended Section 1584 and added Section 1586 to the Vehicle Code, 75 Pa. C.S. §§1584 and 1586, which relate to the Commonwealth's participation in the interstate Driver's License Compact (Compact). *See, e.g.*, *Golden v. Department of Transportation, Bureau of Driver Licensing*, 766 A.2d 361, 363-65 (Pa. Cmwlth. 2001) (rejecting constitutional claims to the validity of these amendments to the Vehicle Code). Nevertheless, these changes are not relevant as the Compact is not implicated herein.

6

None of the above provisions create a purported "prison release requirement" to be sent by the trial court to DOT upon the completion of a DUI-related prison term. Rather, as indicated, the law relates to the report that must be sent within 10 days of a conviction, acquittal or disposition by a clerk of courts to DOT. *See* Section 81.4 of DOT's regulations, 37 Pa. Code §81.4 (describing the content that the clerk of courts must include in a report to be sent to DOT under Section 6323 of the Vehicle Code, within 10 days of a conviction, acquittal or disposition); *see also* Pa.R.Crim.P. 771 ("The clerk of courts shall report to [DOT] all dispositions of charges required by [Section] 6323 (relating to reports by courts). The report shall be sent by electronic transmission.").

In any event, Licensee did not file an appropriate civil action against either DOT or the County Clerk of Courts in his efforts to obtain a restoration of his driving privileges. Moreover, it is well settled that mandamus may not be used as a substitute for Licensee's statutory remedies to contest either the validity of the license suspension or issues regarding credit to the suspension. *See, e.g.*, Section 1516(d) of the Vehicle Code, 75 Pa. C.S. §1516(d) ("Drivers wishing to have their record reviewed by [DOT] may make such a request in order that the record be brought up to date."); Section 1541(a.1) of the Vehicle Code, 75 Pa. C.S. §1541(a.1) ("Credit toward serving the period of suspension . . . for [violations of S]ection[] . . . 3802 (relating to driving under influence of alcohol or controlled substance) . . . shall not commence until the date of the person's release from prison.");[6] Section 1550(a)

---

[6] *See also* Section 1541(d) of the Vehicle Code, 75 Pa. C.S. §1541(d), which states, in relevant part:

> ***Successful completion of a treatment program includes the payment of all court-imposed fines and costs***, as well as fees to be paid to the treatment program by the defendant. For the purposes of

**(Footnote continued on next page…)**

of the Vehicle Code, 75 Pa. C.S. §1550(a) ("Any person . . . whose operating privilege has been . . . suspended, . . . by [DOT] shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to [the Judicial Code]. The appellant shall serve a copy of the petition for appeal, together with a copy of the notice of the action from which the appeal has been taken, upon [DOT's] legal office."); Section 491.4(d)(1)(iii) of DOT's regulations, 67 Pa. Code §491.4(d)(1)(iii) ("Correspondence, pleadings, briefs, orders or other papers relating to the case shall be filed with the appropriate docket clerk at the following address: . . . Secretary of Transportation, Driver Licensing Docket Clerk, 1101 South Front [St.], 3rd [Fl.], Harrisburg, [PA] 17104-2516 . . . for matters involving: . . . Requests for record review under 75 Pa. C.S. §1516 (relating to [DOT] records)."); *Department of Transportation v. McCafferty*, 758 A.2d 1155, 1163 (Pa. 2000) ("If appellees wish to challenge the accuracy of their driving records . . . they may do so under [Section] 1516(d) (licensees may request that driving records be updated). Should they choose to do so, however, any amendment to the accuracy of the record will not result in the reinstatement of their driving privileges. Such an amendment

> restoring a suspended license, being current on a payment plan shall be considered as a part of a successfully completed program. If a defendant fails to successfully complete the requirements of a treatment program, ***the suspension shall remain in effect until the defendant completes the program and is otherwise eligible for restoration of his operating privilege.***

(Emphasis added.) The Motion alleges, in pertinent part, that "there is still an outstanding balance we wish to pay to the [C]lerk of this court to cover court cost and fines in the amount of $2,468.75," and that "[w]e seek further leave of court to be able once we have secured employment to make a payment plan with the court[']s [C]lerk[']s [O]ffice to pay off the required fee and court costs . . . ." OR Dkt. #12 at 1, 2. Thus, the trial court could have denied the Motion on this basis as well. *See Washington v. Department of Transportation, Bureau of Driver's Licensing*, 301 A.3d 982, 985 (Pa. Cmwlth. 2023) ("This Court may affirm a trial court's order on any basis appearing in the record.").

to the driver's license record would simply clarify the record as to the specific nature of the suspension."); *Smires v. O'Shell*, 126 A.3d 383, 390 (Pa. Cmwlth. 2015) ("This *de novo* appeal before a court of law [under Section 1550(a)] is an appropriate and adequate remedy that can be used to raise any defense, whether constitutional or statutory. That precedent does not favor [the l]icensees does not mean that they may seek a writ of mandamus."); *Boyer v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 513 M.D. 2020, filed July 26, 2022), slip op. at 6 n.7 ("Likewise, '[o]ne who allows his statutory appeal rights to expire cannot at a later date successfully assert those appeal rights under the guise of a petition for writ of mandamus.' *Luke v. Cataldi*, 883 A.2d 1114, 1120 (Pa. Cmwlth. 2005).").[7]

Accordingly, the trial court's order is affirmed.[8]

---

[7] *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to an unpublished non-precedential memorandum decision of . . . th[is] Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

[8] *See, e.g.*, *Washington*, 301 A.3d at 985 ("This Court may affirm a trial court's order on any basis appearing in the record.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
v.    : No. 613 C.D. 2023
    :
Anthony D. Heath,    :
    :
Appellant    :

**PER CURIAM**

## O R D E R

AND NOW, this 20th day of March, 2024, the order of the Northampton County Court of Common Pleas dated February 22, 2022, is AFFIRMED.